## Sunday Creek Coal Co. v. Ambrose Dikeman and Susan Dikeman, individually, and as Executors of the Estate of S. E. Dikeman, deceased, and Flora Green.

1. EQUITY JURISDICTION—*Where it Will Aid a Party in Default—Notice.*—Where it was agreed in a lease that the term might be extended an additional ten (10) years, at the option of the lessee, by giving the lessor, notice in writing twenty (20) days previous to the expiration of the term, *it was held* that the stipulation as to twenty days' notice was not an essential part of the agreement, and an extension was specifically enforced upon a notice of fourteen days.

**Bill to Specifically Enforce the Extension of a Lease.**—Trial in the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Decree dismissing the bill; appeal by complainants. Heard in this court at the May term, 1899. Reversed and remanded, with directions. Opinion filed September 20, 1899.

E. S. CUMMINGS and KINSEY THOMAS, attorneys for appellant.

Equity will relieve where there is merely lapse of time unaccounted for without misconduct of the lessee or where the lessee has lost his right by a fraud in the lessor.   Shaw v. Livermore, 2 G. Green (Iowa), 338; Lennon v. Napper, 2 Shoales & Lefroy's Reports, 681; Reed v. St. John, 2 Daly, 213; Myers et al., Adm'rs, v. Silljacks, 58 Md. 319; Lundin v. Shoeffel, 167 Mass. 465; Hubbell v. Von Shoening, 49 N. Y. 326.

CHIPERFIELD, GRANT & CHIPERFIELD, attorneys for appellee.

Time is of essence when so regarded by parties.   The

time fixed for the performance is not generally considered of the essence of the contract in equity, unless the parties have expressly so treated it, or it necessarily follows from the nature and circumstances of the contract. If it clearly appears to be the intention of the parties to the agreement that time shall be deemed to be of the essence of the contract, it must be so considered in equity. Stow v. Russell, 36 Ill. 18; Cheney v. Libbey, 134 U. S. 68; Oakdem v. Pike, 34 L. J. Ch. 820; Seyton v. Slade, 7 Ves. 265; Parkin v. Thorold, 16 Beav. 59; Quinn v. Roath, 37 Conn. 16; Baldwin v. Van Vorst, 2 Stock (N. J.), 585; Mo., etc., R. R. Co. v. Brickley, 21 Kans. 275; Reynolds v. Burlington, etc., R. R. Co., 11 Neb. 186.

And when parties have deliberately by their agreements or covenants fixed the time for the performance of an act, a court of equity will not interfere, unless essential justice demands the exercise of its jurisdiction. Potter v. Tuttle, 22 Conn. 512; Bullock v. Adams, 20 N. J. 367.

Courts of equity have not the right to make contracts for the parties, nor to alter those which the parties have deliberately made. Whenever it appears that the parties have in fact contracted, that if the purchaser makes default in the payments as agreed upon, he shall not be entitled to a conveyance, and shall lose the benefits of his purchase; and when it also appears that the purchaser is without excuse for his delay, the courts will not relieve him from the consequences of his default. Time is originally of the essence of the contract in a court of equity, whenever it appears to have been part of the real intention of the parties that it should have been so, and not to have been inserted as merely a formal part of the contract. Fry on Specific Performance, 1075.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was a bill filed in the Circuit Court of Fulton County by appellant against appellees, to specifically enforce the extension of a ten-year written lease upon a tract of land, granting the lessees therein named, and their assigns, the

exclusive right to mine and remove the coal and mineral therefrom; which lease contained the following provision, to wit:

" It being further agreed that the term of this lease may be extended an additional ten (10) years at the option of the said second parties, by giving said first parties notice in writing twenty (20) days previous to the expiration of the first term herein named."

The bill charged that the lease in question was executed for a term of ten years from the 15th day of June, 1898; that by various assignments, said lease was finally, on the 27th of February, 1896, assigned to appellant, and it took possession of the premises therein described, and proceeded to operate and conduct a coal mine thereon in accordance with the provisions of said lease.

That relying upon the covenant in said lease, providing for an extension of same for an additional period of ten years, appellant, after said assignment to it, had expended a large sum, to wit, $45,000, in equipping said mine, buying machinery and apparatus therefor, and in making permanent improvements thereon, which it otherwise would not have done; that it had also, in the latter part of the year 1897 and the early part of the year 1898, being shortly before the expiration of the first term named in said lease, entered into various contracts with divers persons, by which it obligated itself to sell and deliver coal, aggregating thirty thousand tons from said mine, to said parties, throughout the year 1898, and until May 1, 1899, and that appellant had no other way or means of performing said contracts, or filling said orders, than by coal from said mine.

The bill further charged that the management and operation of said mine was in charge of appellant's general salesman and agent, J. B. Cavanaugh, who had possession of said lease, and whose duty it was to give the notice of appellant's election to extend said lease; that no other person was authorized to give such notice; and that in the month of April, 1898, more than twenty days before the expiration of the first term named in said lease, appellant notified said Cavanaugh that it desired to extend said lease

for an additional ten years, and instructed him to so notify appellees, in writing, twenty days previous to the expiration of the first term; but that by accident or mistake Cavanaugh neglected to give such notice (he having been unexpectedly called away and detained from his office) until the second day of June, 1898, just fourteen days before the expiration of the first term of the lease, at which time he then sent the proper notice in writing to appellees, but they refused to renew or extend the lease because the notice was not given literally at the time specified in the lease.

The bill further charged that appellees had in no way been injured or prejudiced by the failure of appellant to exactly comply with the terms of said lease as to the time of giving notice, but that their condition was the same in every way, just as if the full twenty days' notice had been given them.

The appellees filed a general answer, and upon the hearing of this case the Circuit Court dismissed the bill for want of equity, and appellant appeals to this court, urging that the decree and finding of the Circuit Court are against the law and the facts.

We find from an examination of the record that the facts alleged in the bill were substantially proven, and the proper decision of the question herein involved, rests upon whether or not the time specified in said lease, in which appellant was to notify appellees of its election to extend the lease, was of the essence of the contract, or an essential part of the agreement between the parties.

From an examination of the authorities on this point, the general principle seems to be well established, that where the parties to the agreement have not expressly stipulated that performance at a particular time shall be an essential part of the agreement, and where from the nature and circumstances of the contract and the situation of the parties there would be no particular hardship upon the party against whom the specific performance is sought to be enforced, and the conduct of the party in default has not been willful, or that of gross negligence, equity will aid the party in

default and decree a specific performance of the agreement as the only adequate means of equitable justice between the parties.    Bomier v. Caldwell, 8 Mich. 463.

In this case we find there was nothing contained in the lease to indicate that the parties intended that time should be of the essence of the contract, but rather that a time was specified in order that appellees might have reasonable notice of appellant's election to extend the lease; that appellant's default in giving the notice at the proper time, was not due to willful negligence or gross *laches*, nor was the condition of appellees prejudiced or changed in any manner by the delay in giving the notice; and it would not be inequitable to appellees to grant the specific performance desired.    We therefore reverse the decree of the Circuit Court and remand this case to that court with directions to enter an order granting the relief prayed for in appellant's bill.    Reversed and remanded with directions.